UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDOLYN LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1543** |
| **JUDGE CHRIS CRAFT, ET AL.** | **SECTION: "A" (5)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Wendolyn Lee, is incarcerated at the Shelby County Jail in Memphis, Tennessee. He filed the instant civil complaint, his seventh thus far in this Court, pursuant to Title 42 U.S.C. § 1983, against Judge Chris Craft, District Attorney Amy Weirich, attorney James Jones, Sheriff Floyd Bonner, and police investigator, Carrolyn Bryant, once again alleging conspiracy, fraud, kidnapping and obstruction of justice associated with his ongoing criminal proceedings in Tennessee.[1]  (Rec. doc. 4, Complaint).   In response to deficiency notices, Lee filed a motion to proceed *in forma pauperis* with a purported inmate account certification signed by a prison official.   Lee has also submitted a motion to transfer or dismiss (rec. doc. 6), by which he appears to acknowledge, as the Court has previously stated, that he may not proceed with his lawsuit in the Louisiana Eastern District.   The motion itself is unnecessary given that the undersigned recommends that the instant complaint be transferred, *sua sponte*, to the appropriate district.

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is

---

[1] His prior civil complaints were all transferred to the Western District of Tennessee, where it seems he has filed numerous Section 1983 complaints and has now qualified as a three-strike filer. *Lee v. Craft, et al.*, No. 21-2275-SHM-tmp (W.D. TN).   The motion to proceed IFP (rec. doc. 5) and any pauper determination is deferred to the transferee Court.

determined under the general venue provision found at Title 28 U.S.C. § 1391(b).   *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).   Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Lee does not allege or establish any connection between the Defendants, his claims against the Defendants, and this District Court.   Lee indicates that the named Defendants may be found in Shelby County, Tennessee.   The cause of action surrounds his prosecution and detention in Shelby County, Tennessee.   Thus, both the Defendants and a substantial part of the events of which he complains implicate Shelby County, Tennessee, which falls within the geographical boundaries of the Western Division of the United States District Court for the Western District of Tennessee.   28 U.S.C. § 123(c)(2).   Accordingly, venue is not proper in the Eastern District of Louisiana.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such a transfer is in the interest of justice.   See *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).   Here, the Court finds that transfer of the proceedings to the appropriate district, rather than dismissal, would promote efficient and fair adjudication and serve the interests of justice.

Accordingly, **IT IS RECOMMENDED** that the Motion to Transfer or Dismiss (rec. doc. 6) be dismissed as moot and the captioned matter be transferred to the Western Division of the United States District Court for the Western District of Tennessee.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 25th day of October, 2021.

                                                **MICHAEL B. NORTH**
                                                **UNITED STATES MAGISTRATE JUDGE**

---

[2] Douglass referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.